UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE: PERRY JOHNSON &
ASSOCIATES MEDICAL
TRANSCRIPTION DATA SECURITY
BREACH LITIGATION
24-MD-3096 (RPK) (LGD)

-------------------------------------------------------x

THIS DOCUMENT RELATES TO:
24-CV-7007 (RPK) (LGD)

BRIDGET O'NEILL, KIRK MOSES,
MICHAEL NEWTON, NOEL CARTER,            **MEMORANDUM AND ORDER**
MARTIN KURTEV, and IZABELA
DEBOWCZYK, *individually and on behalf
of all others similarly situated*,

            Plaintiffs,

            v.

PERRY JOHNSON & ASSOCIATES,
INC.; COOK COUNTY HEALTH &
HOSPITALS SYSTEM; and COOK
COUNTY HEALTH,

            Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Defendants Cook County Health & Hospitals System and Cook County Health (collectively, "CCH") move to stay member case 24-CV-7007, in which they are named as defendants. CCH invokes the abstention doctrine rooted in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). The motion is denied.

## BACKGROUND

The following facts are taken from the Consolidated Complaint and are assumed true for the purpose of this order.

This MDL involves several putative class actions brought by plaintiffs whose personally identifying information and protected health information were accessed by an unauthorized third party during a data breach. Consol. Compl. ¶¶ 1, 4 (Dkt. #92). Plaintiffs had provided that information to various healthcare organizations, including CCH. Those healthcare organizations then shared plaintiffs' information with defendant Perry Johnson & Associates, Inc. ("PJ&A"), a medical transcription service provider. *Id.* ¶¶ 2–4.

Between March and May 2023, an unauthorized third party gained access to PJ&A's network and accessed plaintiffs' personally identifying and protected health information. *Id.* ¶ 4. Plaintiffs across the country soon filed numerous putative class actions against PJ&A and the various healthcare organizations which had shared patient information with PJ&A, including CCH.

In November 2023, Terry Kimber and Veronica Martin each filed putative class actions against PJ&A and CCH in Illinois state court, Cook County. *See* Mem. in Supp. of Mot. to Stay, Exs. 1 and 2 (Dkt. ##117-1 and 117-2). Those suits have since been consolidated. Mem. in Supp., Ex. 3 ("State Compl.") (Dkt. #117-3).

Kimber and Martin assert the following state-law claims against CCH: negligence, negligence per se, breach of fiduciary duty, breach of implied contract, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). State Compl. ¶¶ 72–120. CCH has filed a motion to dismiss Kimber and Martin's claims, which is now fully briefed, and has engaged in limited discovery in Illinois state court. *See* Mem. in Supp., Exs. 4, 5, 6, and 7 (Dkt. ##117-4, 117-5, 117-6, and 117-7).

On November 28, 2023, Bridget O'Neill and Kirk Moses filed a putative class action against PJ&A and CCH in the United States District Court for the District of Nevada, which was later transferred to this MDL pursuant to 28 U.S.C. § 1407.  *See* Compl., 24-CV-755 (RPK) (LGD) (Nov. 28, 2023), ECF No. 1.  O'Neill and Moses voluntarily dismissed that case on June 13, 2024 under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  *See* June 13, 2024 Notice of Voluntary Dismissal (Dkt. #76); July 7, 2024 Order Dismissing Member Case 24-CV-755.

The following day, O'Neill and Moses, joined by Michael Newton, Noel Carter, Martin Kurtev, and Izabela Debowczyk (collectively, "the federal Cook County plaintiffs"), filed a new putative class action against PJ&A and CCH in the United States District Court for the Northern District of Illinois, specifically in Cook County.  *See* Compl., 24-CV-7007 (RPK) (LGD) (June 14, 2024), ECF No. 1.  That case was transferred to this MDL under Section 1407 in October 2024 and is currently the only member case in which CCH is a party.  *See* Certified JPMDL Transfer Order (Dkt. #105).

The federal Cook County plaintiffs assert the following state-law claims against CCH: negligence, negligence per se, breach of bailment, invasion of privacy, negligent supervision, breach of implied contract, unjust enrichment, breach of fiduciary duty, and violation of the ICFA and the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA").  Consol. Compl. ¶¶ 540–623, 634–705, 726–46.  They also seek a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.  *Id.* ¶¶ 624–33.  They invoke the Class Action Fairness Act ("CAFA") as the basis for this Court's jurisdiction.  *Id.* ¶ 75.  While limited discovery is proceeding against the other defendants in this MDL, discovery involving CCH has been stayed.  *See* Oct. 23, 2024 Order.

CCH now moves to stay case 24-CV-7007 based on the *Colorado River* abstention doctrine.  *See* Notice of Mot. to Stay (Dkt. #116); Mem. in Supp. (Dkt. #117); Reply (Dkt. #119).

3

The federal Cook County plaintiffs oppose that motion. Opp'n (Dkt. #118). Separately, CCH and the other defendants in this MDL have moved to dismiss the consolidated complaint. Those motions are pending.

## STANDARD OF REVIEW

A motion to dismiss or stay based on the *Colorado River* abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013) (citation omitted). This standard is "essentially identical to the Fed. R. Civ. P. 12(b)(6) standard," *ibid.*, under which the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a district court deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim ordinarily "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (citation omitted), "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Additionally, under either standard the court may take judicial notice of documents in the public record, including state court filings. *See Blue Tree Hotels Inv. (Can.), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

# DISCUSSION

CCH's motion to stay member case 24-CV-7007 under the *Colorado River* abstention doctrine is denied.

## I.     The *Colorado River* Framework

In *Colorado River*, the Supreme Court expanded the doctrine of abstention by recognizing that there are circumstances when federal courts may, "for reasons of wise judicial administration," abstain from exercising jurisdiction "due to the presence of a concurrent state proceeding." 424 U.S. at 818. But such circumstances are strictly limited. There was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* at 813–14 (citation omitted). Accordingly, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (citation omitted). But circumstances warranting abstention, "though exceptional, do nevertheless exist." *Id.* at 818.

Courts in this circuit deciding whether to abstain under *Colorado River* engage in a two-step inquiry. First, as a precondition to abstention, the court must determine that the state and federal proceedings are "parallel." *See Dittmer v. County of Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998) (citation omitted). Two suits are parallel where the parties are "substantially the same, litigating substantially the same issues in both actions." *Royal and Sun All. Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006).

If the state and federal proceedings are parallel, the Court then must assess the six *Colorado River* factors to decide whether abstention is warranted. Those factors are (1) whether the controversy concerns a *res* over which one of the courts has already assumed jurisdiction; (2) whether the state or federal forum is more convenient for the parties; (3) whether staying or

5

dismissing the action would avoid piecemeal litigation; (4) the order in which the two actions were filed and whether the proceedings have advanced further in one forum than the other; (5) whether state or federal law provides the rule of decision; and (6) whether state procedures are adequate to protect the plaintiff's federal rights. *See Woodford v. Cmty. Action Agency of Green Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001). In applying those factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). "Only the clearest of justifications will warrant dismissal." *Colo. River*, 424 U.S. at 819. Accordingly, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford*, 239 F.3d at 522.

When deciding whether to abstain, the court does not treat the factors as "a mechanical checklist." *Moses H. Cone*, 460 U.S. at 16. Rather, the analysis rests on "a careful balancing of the important factors as they apply in a given case." *Ibid.* Accordingly, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Ibid.*

## II.     Application of the *Colorado River* Factors

The parties agree that the state action and member case 24-CV-7007 are parallel. *See* Reply 3–4; *see generally* Opp'n. Accordingly, the propriety of abstention turns on a careful balancing of the six *Colorado River* factors. That balancing counsels against abstention here.

### A. The *res* factor favors exercising jurisdiction.

The first factor favors exercising jurisdiction. When a state court or a federal court has assumed jurisdiction over property through an *in rem* or *quasi in rem* action, the court that has done so "has exclusive jurisdiction to proceed." *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (emphasis omitted) (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)).

6

Here, the parties agree that there is no relevant *res* over which either federal or state courts have exercised jurisdiction. *See* Mem. in Supp. 7 n.6; Opp'n 9. The absence of a *res* favors exercising federal jurisdiction. *See, e.g.*, *Kaplan v. Reed Smith LLP*, 919 F.3d 154, 158 (2d Cir. 2019); *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012).

### B. The forum-convenience factor slightly favors abstention.

The second factor—forum convenience—only slightly favors abstention. Which forum is more convenient turns on geographic proximity, not the marginal burden of litigating in two forums rather than one. *See Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999); *see also All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) ("[I]nconvenience of litigation, rather than forum, is insufficient to establish exceptional circumstances justifying dismissal.").

CCH fails to establish that this factor favors abstention more than modestly. To be sure, CCH would likely be inconvenienced by litigating here, in the Eastern District of New York, because CCH operates exclusively in Illinois. *See* Mem. in Supp. 7–8. But the federal Cook County plaintiffs, who are also based in Illinois, support litigation in this forum, *see* Opp'n 9, and CCH does not identify a significant burden imposed by its participation in pretrial proceedings before this Court, *see* 28 U.S.C. § 1407(a). At the trial stage, there would be minimal inconvenience to CCH because any federal trial involving CCH would take place in the Northern District of Illinois—in the same county where the consolidated state case is pending. *See First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 188 (E.D.N.Y. 2012) (finding "that the inconvenience factor weighs slightly against abstention" considering "plaintiffs' choice of forum" and the inconsequential distance between the federal and

7

state courts); *cf. Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 476 (S.D.N.Y. 2001) (finding inconvenience favored abstention because "[w]itnesses and parties will be forced to travel back and forth between California and New York" for "discovery and testimony").

Accordingly, the second factor favors abstention, but only slightly.

### C. The piecemeal-litigation factor slightly favors abstention.

The third factor—the avoidance of piecemeal litigation—slightly favors abstention. In assessing this factor, courts in the Second Circuit bear in mind that "[t]here is no bar against parallel *in personam* actions proceeding in two or more courts." *Woodford*, 239 F.3d at 525; *see, e.g.*, *Buhannic v. Schroeder*, No. 18-CV-10170, 2019 WL 4735378, at *5 (S.D.N.Y. Sept. 27, 2019); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 14-CV-6566 (RJS), 2014 WL 7399040, at *4 (S.D.N.Y. Dec. 29, 2014). The "primary context" in which *Colorado River* abstention has been invoked to avoid piecemeal litigation has been in suits "that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Niagara Mohawk*, 673 F.3d at 101–02 (quoting *Woodford*, 239 F.3d at 524).

CCH has shown a risk of piecemeal litigation, but because that risk is relatively limited and remote, this factor only slightly favors abstention. At the moment, the risk of inconsistent judgments is hypothetical. The federal Cook County plaintiffs may become parties to the state action—and the Illinois state plaintiffs may become parties to member case 24-CV-7007—because both putative classes are almost identical, *see* Mem. in Supp. 1, though neither has yet been certified. It thus remains unclear to what extent the plaintiffs in either forum would be bound by res judicata or collateral estoppel based on a judgment in the other forum. *See Winfield v. Citibank, N.A.*, 842 F. Supp. 2d 560, 572–73 (S.D.N.Y. 2012) (finding it "premature" to abstain because the

8

court had yet to certify a subclass for the plaintiff's California-law claim such that the claim was only "potentially duplicative" of a then-pending putative class action in California court).

Moreover, in the event that the first-to-judgment forum certifies its class and the other forum's named plaintiffs decline to opt out, then res judicata would likely prevent the second forum from reaching an inconsistent result. *See Markovic v. Milos Hy, Inc.*, No. 22-CV-1412 (LJL), 2023 WL 4763807, at *11 (S.D.N.Y. July 26, 2023). And even if the plaintiffs vary across the two cases—such that those in the second-to-judgment forum would remain unbound by res judicata or collateral estoppel—because the defendants are identical, the risk of inconsistent results only arises if the first-to-judgment forum decides in favor of CCH and PJ&A. If, in contrast, the first-to-judgment forum decides against those defendants, then they will likely be collaterally estopped from relitigating issues "actually and necessarily decided in [the] prior proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (citation omitted); *accord Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 58 F.3d 303, 308 n.9 (7th Cir. 1995). There are thus several plausible scenarios in this litigation where any risk of inconsistent adjudications would largely be preventable by principles of res judicata and collateral estoppel, limiting the extent to which this factor can favor abstention. *See, e.g., Gentes v. Osten*, No. 21-2022-CV, 2022 WL 16984686, at *3 (2d Cir. Nov. 17, 2022); *Buhannic*, 2019 WL 4735378, at *5; *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 757 F. Supp. 2d 260, 345 (S.D.N.Y. 2010).

CCH is mistaken in asserting that this factor strongly favors abstention on efficiency grounds. *See* Reply 6–7. To be sure, there "may be some risk of duplication of effort," if either the state or federal Cook County plaintiffs opt-out of a class first certified in the other forum, *Markovic*, 2023 WL 4763807, at *11, or if the first-to-judgment forum declines to certify its class.

9

"But that risk is endemic to every case where a plaintiff who is a putative class member chooses not to wait until a decision to certify a class and files his or her own claim separately." *Ibid.* And, so long as CAFA's requirements are met, such an opt-out plaintiff is statutorily permitted to pursue his or her claims on behalf of a competing class in federal court. *See Law Enf't Ins. Co. v. Corcoran*, 807 F.2d 38, 41 (2d Cir. 1986) ("Here, the danger of suits nationwide arises solely as a result of the existence of diversity jurisdiction. And . . . so long as Congress chooses to have us exercise diversity jurisdiction, we must do so unflaggingly.").

Accordingly, at best for CCH, the third factor slightly favors abstention. *See, e.g.*, *CVR Energy*, 2014 WL 7399040, at *4; *In re Asbestos Litig.*, 963 F. Supp. 247, 252–53 (S.D.N.Y. 1997); *cf. Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 599–600 (S.D.N.Y. 2013) (finding this factor "neutral" despite "some risk of an inconsistent result" due to a federal court ruling "which might not bind the parties named only in the state court action").

### D. The relative-progress factor slightly favors abstention.

The fourth factor—the order in which the two actions were filed and the degree to which one has advanced further than the other—slightly favors abstention, because the state action was filed first and has progressed further. Member case 24-CV-7007 was filed seven months after the two, now-consolidated state actions were filed in Illinois. *See* Compl., 24-CV-7007 (RPK) (LGD) (June 14, 2024), ECF No. 1; Mem. in Supp., Exs. 1 and 2. A motion to dismiss was fully briefed in state court on November 11, 2024, and CCH has responded to written discovery requests there. *See* Mem. in Supp. 11. Here, in contrast, motion-to-dismiss briefing was completed at the end of January, and CCH has yet to engage in discovery. *See* Aug. 30, 2024 Order; Oct. 16, 2024 Min. Entry & Order; Oct. 23, 2024 Order. These circumstances, considered together, favor abstention. *See, e.g.*, *De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989) (finding this factor favored

abstention where state action was filed three months earlier and "no appreciably greater progress" had been made in federal action); *Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985) (finding the same because "[a]lthough neither litigation has advanced very far, substantial progress toward initiating common procedures in the state cases has been effected").

These circumstances do not strongly favor abstention, though. Member case 24-CV-7007 was filed second by a matter of months. And while some discovery has been conducted in the state action and a motion to dismiss has been fully briefed, the case remains in the motion-to-dismiss stage, and it is unclear when that motion will be decided. *See* Opp'n 12; *Niagara Mohawk*, 673 F.3d at 102 (noting that "none of [the state actions] ha[ve] been resolved or appear[] close to disposition"); *Law Enf't Ins.*, 807 F.2d at 42 (noting that "the state forum had not made any substantial progress towards assessing [the] merits" of plaintiff's claim). This factor does not, therefore, deserve much weight in the *Colorado River* analysis. *See Village of Westfield*, 170 F.3d at 122 ("[W]here there has been limited progress in a state court suit, the fact that the state action was commenced before the federal suit carries little weight." (quotation marks and citation omitted)).

Accordingly, the fourth factor slightly favors abstention.

### E. The rule-of-decision factor favors exercising jurisdiction.

The fifth factor—whether state or federal law provides the rule of decision—is neutral and favors exercising jurisdiction. While "abstention is disfavored" when "the applicable substantive law is federal," the fact that a case involves "exclusively [state] law" is insufficient to "support a surrender of federal jurisdiction." *De Cisneros*, 871 F.2d at 308–09. "[O]nly in some rare circumstances may the presence of state law issues weigh in favor of surrender of federal

jurisdiction." *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir. 1986) (quotation marks, brackets, and ellipses omitted) (quoting *Giardina v. Fontana*, 733 F.2d 1047, 1053 (2d Cir. 1984)).

The state-law causes of action here do not appear novel nor complex, as opposed to "'garden variety' federal diversity" claims. *Arkwright-Bos.*, 762 F.2d at 211 (quoting *Giardina*, 733 F.2d at 1051); *see* Consol. Compl. ¶¶ 540–705, 726–46. The federal Cook County plaintiffs' claims largely present typical common-law causes of action such as negligence and unjust enrichment. *See* Consol. Compl. ¶¶ 540–705. The Second Circuit has repeatedly cautioned against weighing this factor in favor of abstention when such state-law claims are involved. *See Bethlehem*, 800 F.2d at 328 ("[T]he fact that federal substantive law does not govern this case is of little weight. . . . Bethlehem's breach of contract and tortious interference claims present no novel or unique issues of law."); *Giardina*, 733 F.2d at 1051, 1053 (holding that the fact "state law will provide the rule of decision" did not "weigh in favor" of abstention because the state claim was "a simple and largely factual question involving well-settled principles of state law."). The federal Cook County plaintiffs' claims also implicate three Illinois statutes—the ICFA, the IUDTPA, and the Illinois Personal Information Protection Act. *See* Reply 8. But CCH does not assert that the meaning of those three statutes is "obscure," and data-breach claims invoking those laws "have been adjudicated in [federal] court[s]" throughout the country. *In re Asbestos Litig.*, 963 F. Supp. at 253; *see, e.g.*, *In re SuperValu, Inc.*, 925 F.3d 955, 964 (8th Cir. 2019); *In re Fortra File Transfer Software Data Sec. Breach Litig.*, — F. Supp. 3d —, 2024 WL 4547212, at *16–17 (S.D. Fla. Sept. 18, 2024); *Miller v. NextGen Healthcare, Inc.*, 742 F. Supp. 3d 1304, 1327–29 (N.D. Ga. 2024). Accordingly, the presence of these statutory claims does not tilt this factor in

12

favor of abstention.  *See In re Asbestos Litig.*, 963 F. Supp. at 253 (finding this "factor weighs against abstention" even though "state law will determine the claims").

CCH is mistaken in relying on *General Reinsurance Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78 (2d Cir. 1988), for the proposition that the absence of federal claims favors abstention.  *See* Reply 8.  There, the Second Circuit held that the district court "did not abuse its discretion in staying the action" in part because it "involve[d] purely state law issues."  *Gen. Reins.*, 853 F.2d at 82.  But the Second Circuit has repeatedly cautioned that this factor does not necessarily favor abstention in state-law cases, absent a "novel state law theory."  *De Cisneros*, 871 F.2d at 308–09.  And unlike in *General Reinsurance Corp.*, "there is [a] federal interest that would be served by retaining jurisdiction" here, *id.* at 309—*i.e.*, this MDL's comprehensive pretrial management of several CAFA lawsuits regarding a single multi-state data breach.  *See Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 224–25 (E.D.N.Y. 2006) (finding this factor did not favor abstention because "Congress enacted CAFA . . . [to] expand[] federal court jurisdiction over national class actions such as this" and because "the case presents 'no novel or unique issues of [state] law'" (last alteration in original) (quoting *Bethlehem*, 800 F.2d at 328)).

Accordingly, the fifth factor is neutral and favors exercising jurisdiction.

### F. The adequate-protection factor favors exercising jurisdiction.

The final factor—whether the state court procedures are adequate to protect the plaintiff's federal rights—is neutral and favors exercising jurisdiction.  In analyzing this factor, courts "are to determine whether 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'"  *Niagara Mohawk*, 673 F.3d at 103 (quoting *Moses H. Cone*, 460 U.S. at 28).  "The possibility that the state court proceeding might adequately protect the interests of the parties is not enough to justify . . . deference to the state

action." *Bethlehem*, 800 F.2d at 328; *see Zemsky v. City of New York*, 821 F.2d 148, 153 (2d Cir. 1987).

CCH has failed to show that this factor favors abstention. The federal Cook County plaintiffs are not yet parties in the Illinois state-court class action against CCH. *See Markovic*, 2023 WL 4763807, at *12 ("Here, since the Plaintiffs are not party to the State Court Action, there is a serious question about whether the state procedures are adequate to protect the Plaintiffs' federal rights."). To be sure, the Illinois state court *might* certify that class action, in which case Illinois state courts would surely be capable of resolving the federal Cook County plaintiffs' Illinois state-law claims. *See, e.g.*, *Niagara Mohawk*, 673 F.3d at 103; *Arkwright-Bos.*, 762 F.2d at 211. But CCH cannot establish that this factor favors abstention by relying solely on the *possibility* of "adequate protection in the[] state court actions." *In re Asbestos Litig.*, 963 F. Supp. at 253; *see, e.g.*, *Zemsky*, 821 F.2d at 153; *Steinberg*, 418 F. Supp. 2d at 225 ("CAFA was enacted specifically to bring this type of national class action within the purview of federal court jurisdiction. . . . The fact that . . . Steinberg is entitled to pursue all of the claims brought in this action in state court, does not weigh in favor of abstention.").

Accordingly, the final factor is no better than neutral for CCH and favors exercising jurisdiction here. *See Kaplan*, 919 F.3d at 158–59; *Markovic*, 2023 WL 4763807, at *12.

### G. Taken together, the *Colorado River* factors do not support abstention.

In sum, three *Colorado River* factors are neutral, and thus favor retaining the case, and three factors favor abstention, though only slightly. Of course, the decision whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Niagara Mohawk*, 673 F.3d at 104 (citation omitted). Because those factors are "heavily weighted in favor of the exercise of jurisdiction," *ibid.* (citation omitted), in light of

14

the "virtually unflagging obligation" to exercise jurisdiction, *Colo. River*, 424 U.S. at 817, defendants' showing that some factors modestly favor abstention does not justify declining to exercise jurisdiction here. *See CVR Energy*, 2014 WL 7399040, at *6 (denying motion after finding that "three of the *Colorado River* factors are neutral . . . and three of the factors favor abstention, but only moderately").

## CONCLUSION

CCH's motion to stay member case 24-CV-7007 under the *Colorado River* abstention doctrine is denied.

SO ORDERED.

                                         /s/  Rachel Kovner
                                        RACHEL P. KOVNER
                                        United States District Judge

Dated: March 3, 2025
       Brooklyn, New York